Janice Miller Karlin, United States Bankruptcy Judge
Plaintiff/Debtor Rodger Dean Love, Jr.[1] filed a motion for summary judgment, seeking a determination that his student loan debts owed to the United States Department of Education and Navient Solutions, Inc. should be excepted from discharge under 11 U.S.C. § 523(a)(8).[2] Because the motion does not comply with D. Kan. LBR 7056.1, because it appears possible that genuine issues of material fact may exist, and even more importantly, because the defendants have not had adequate time to investigate the facts surrounding this motion, the Court denies the summary judgment motion. The Court also denies Plaintiff's Motion to Stay Discovery so the Defendants can start the process of learning the key facts.
I. Findings of Fact
Debtor filed a Chapter 13 petition[3] in 2013, and listed $133,447 in student loan debt. Debtor listed $37,462.29 owed to Chase Student Loans, $3,317 owed to National Collection Trust AES, $22,039 owed to Sallie Mae, and $70,628 owed to the U.S. Department of Education. Here, he only names the U.S. Department of Education and Navient as defendants.
Navient filed its answer on July 12, 2018 and simultaneously served written discovery on Debtor.[4] Debtor immediately moved to stay discovery,[5] arguing that because the Department of Education has not yet entered its appearance, and the Rule 26(f)[6] conference has not yet been conducted, discovery would be improper. Despite moving to halt discovery, which would have allowed the defendants an opportunity to determine the facts, Debtor then filed this motion for summary judgment setting forth facts he claims no one *781 can dispute.[7]
Navient has responded in compliance with Federal Rule of Civil Procedure 56(d), which Federal Rule of Bankruptcy Procedure 7056 applies to adversary proceedings. It notes that the adversary has only recently been filed, that one defendant wasn't even served until after Debtor filed the motion, and that it has not had any opportunity to do required discovery in what is a typically fact-intensive proceeding. Navient accompanied its response with the affidavit[8] required by Rule 56(d) showing why it "cannot present facts essential to justify its opposition."
II. Conclusions of Law
Determinations as to the dischargeability of debts are core proceedings under 28 U.S.C. § 157(b)(2)(I) and § 1334 over which this court may exercise subject matter jurisdiction.[9] Venue is appropriate in the District of Kansas pursuant to 28 U.S.C. § 1409(a).
A. Motion for Summary Judgment Standards
Federal Rule of Civil Procedure 56 requires a court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] When analyzing a summary judgment motion, the Court draws all reasonable inferences in favor of the non-moving party.[11] An issue is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[12] "Material facts" are those that are "essential to the proper disposition of [a] claim" under applicable law."[13]
The moving party bears the initial burden of demonstrating-by reference to pleadings, depositions, answers to interrogatories, admissions, or affidavits-the absence of genuine issues of material fact.[14] If the moving party meets its initial burden, the nonmoving party cannot prevail by relying solely on its pleadings.[15] "Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation."[16]
B. Nondischargeability under 11 U.S.C. § 523(a)(8)
Section 523(a)(8) excepts from discharge educational benefits or loans, including private loans so long as they are a "qualified educational loan."[17] Such debts may nevertheless be discharged when "excepting *782 such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependants."[18] Debtor does not dispute that these are the type of loans not typically excepted from discharge. Rather, he argues that repayment of these debts will impose an undue hardship.[19]
Evaluating undue hardship claims is an inherently factual exercise for courts because of the oft-cited Brunner test, which requires courts to determine if (1) the debtor cannot maintain a minimal standard of living if required to repay the loans; (2) this state of affairs is likely to continue for most of the repayment period; and (3) the debtor has made a good faith effort to repay the loans.[20] The record submitted by Debtor fails to support summary judgment on any of the Brunner factors, at least in part as a result of his failure to comply with Rule 56(c)(1)(A) and D. Kan. LBR 7056.1(a), both of which require movants to cite with particularity the evidence that supports each numbered fact.
Although Debtor has submitted a Declaration under penalty of perjury[21] and has provided exhibits to support his position, Navient is unable to respond not only because the Debtor failed to specify which documents support which "facts," but because it has been deprived of its right to learn all relevant facts through discovery of its choosing. Debtor apparently hopes to rush through this dispositive motion while simultaneously depriving the opposing party of any true opportunity to refute the motion by in turn refusing to answer written discovery and seeking a stay of discovery.
And because Debtor only very recently sought issuance of a summons for the United States Attorney (which service is required pursuant to Rule 7004 when any agency of the United States is a party) on July 26, 2018[22] -six days after he filed his summary judgment motion, obviously the government has not had a fair opportunity to oppose such motion. It has not yet even answered. Further, the Debtor sought a continuance of the Scheduling Conference, originally set to August 8, but expressly requested that his motion "not be stayed, as the Plaintiff is also serving his Motion for Summary Judgment on the same day as the summons to the United States Attorney General for Kansas (sic)."[23] Since responses to summary judgment motions are due 21 day after service pursuant to D. Kan. LBR 7056.1(f) and the government's answer would not be due for 30 days after service, it is difficult to understand how ruling on this premature motion would be fair. Although the Court recognizes that Debtor is self-represented, it is important *783 for Debtor to understand this Court will not allow such sharp practices.
Finally, although the Court believes it is contrary to Rule 26(a) and (f) to commence discovery before the parties have had their Rule 26(f) planning meeting, have exchanged core documents, and have identified key witnesses, the Court now elects to allow discovery in light of all these circumstances. As a result, the Court denies Debtor's Motion to Stay Discovery. Because Debtor has had the written discovery that Navient sent him on July 12 for almost 30 days, the Court will sua sponte extend the deadline for him to fully respond to that discovery to August 20, 2018.
III. Conclusion
Rule 56(d) allows the Court to defer ruling on a premature dispositive motion, or to deny it, if the nonmovant shows by declaration that it cannot present facts essential to justify its opposition. Navient has properly shown it is being deprived of the opportunity to know the essential facts. The Court elects to deny the motion, rather than defer ruling on it, because it is also noncompliant with both Rule 56 and D. Kan. LBR 7056.1 in its failure to specifically cite to records supporting each numbered fact. The Court also denies Debtor's Motion to Stay Discovery, and requires Debtor to respond to the written discovery Navient served on him on July 12, 2018, by August 20, 2018.
Finally, the Court reminds the parties that this matter is now set for a Scheduling Conference on September 27, 2018 at 9:40 a.m., with the Parties' Report of Planning Meeting due by September 24, 2018.
It is so Ordered .

Doc. 11.

All future references to Title 11 of the United States Code will be to section number only.

Case No. 13-41680, Doc. 1.

Docs. 7 and 8.

Doc. 9.

Fed. R. Civ. P. 26, made applicable to adversary proceedings by Fed. R. Bankr. P. 7026.

Doc. 26. Navient notes that it has even had insufficient time to examine its own records regarding Debtor's loan payments. Doc. 25.

Doc. 25.

28 U.S.C. § 157(b)(1) and § 1334(b).

Fed. R. Civ. P. 56, incorporated and applied in bankruptcy courts under Fed. R. Bankr. P. 7056.

Taylor v. Roswell Indep. Sch. Dist. , 713 F.3d 25, 34 (10th Cir. 2013)

Thom v. Bristol-Myers Squibb Co. , 353 F.3d 848, 851 (10th Cir. 2003) (citing Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ).

Id.

Celotex Corp. v. Catrett , 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

United States v. Dawes , 344 F.Supp.2d 715, 717-18 (D. Kan. 2004) (citing Anderson , 477 U.S. at 256, 106 S.Ct. 2505 ).

Id.

§ 523(a)(8)(B).

§ 523(a)(8).

Doc. 12.

Brunner v. New York State Higher Education Services Corp. , 831 F.2d 395, 396 (2d Cir. 1987) ; Educational Credit Management Corp. v. Polleys , 356 F.3d 1302, 1309-11 (10th Cir. 2004) (applying Brunner test).

Navient complains that Debtor's Declaration is not notarized. It need not be under Rule 56(c)(4), which specifically allows declarations, so long as the requirements of 28 U.S.C. § 1746 are followed. Debtor (almost) followed those requirements, which mandate this language be added: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." But Debtor improperly added this language after the required verbiage, which calls his declaration into question: "to the best of my knowledge, and any mistake made was not intentional." That additional language is decidedly not a part of § 1746.

Docs. 15-17.

Doc. 19.